1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10    BEAU A. WEIDMAN,                           CASE NO. 3:19-cv-05265-RJB

11                        Plaintiff,            ORDER ON MOTION TO
                                                DISMISS
12              v.

13    CARRINGTON MORTGAGE
      SERVICES; BANK OF NEW YORK
14    MELLON fka THE BANK OF NEW
      YORK AS TRUSTEE FOR
15    REGISTERED HOLDERS OF CWABS,
      INC. ASSET BACKED
16    CERTIFICATES SERIES 2006-23;
      AZTEC FORECLOSURE
17    CORPORATION OF WASHINGTON, a
      Washington Corporation; and DOES 1
18    through 10 inclusive,

19                        Defendants.

20

21          This matter comes before the Court on Defendants Carrington Mortgage Services

22    ("Carrington") and The Bank of New York Mellon FKA The Bank of New York as Trustee for

23    Registered Holders of CWABS, Inc. Asset Backed Certificates Series 2006-23's ("Bank of New

24    York") Motion to Dismiss.  Dkt. 8.  The Court has considered the pleadings filed regarding the

ORDER ON MOTION TO DISMISS- 1

1 motion and the remainder of the record herein.

2    On April 9, 2019, Plaintiff, filed this case *pro se,* asserting violations of federal law

3 (including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the

4 Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et. seq.* ("RESPA")) and state law in

5 connection with a mortgage on real property commonly known as 3950 Birch Street, Washougal,

6 Washington.  Dkt. 1.  Defendants Carrington and Bank of New York now move for dismissal of

7 the claims asserted against them pursuant to Fed. R. Civ. P. 12 (b)(6).  Dkt. 8.  For the reasons

8 provided below, the motion (Dkt. 8) should be granted and the claims asserted against

9 Defendants Carrington and Bank of New York should be dismissed.  The Plaintiff's motion for

10 leave to file an amended complaint (Dkt. 9) should be granted.

11    **I.    FACTS, PROCEDURAL HISTORY AND PENDING MOTION**

12    In reviewing a motion to dismiss for failure to state a claim as is the case here, the court is

13 generally limited to review of "the face of the complaint, materials incorporated into the

14 complaint by reference," and matters of which judicial notice may be taken.  *In re Rigel*

15 *Pharmaceuticals, Inc. Securities Litigation*, 697 F.3d 869, 876 (9th Cir. 2012).  In considering

16 this motion, the moving Defendants ask the Court to take judicial notice of publicly recorded

17 documents, documents from the Plaintiff's bankruptcy case, and documents referenced in the

18 Plaintiff's Complaint.  "A court may take judicial notice of matters of public record without

19 converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed

20 are not subject to reasonable dispute."  *Id.*  (*internal quotations omitted*).  The Court should grant

21 the Defendants' request and take judicial notice of the documents found at Dkt. 8-1.  The

22 following facts that are taken from the public record and from documents referenced in

23 Plaintiff's Complaint are filed in this case at "Dkt. 8-1" and are so referred to in this order.  Facts

24

1   from the Plaintiff's Complaint are cited as "Dkt. 1."

2       Plaintiff's Complaint is difficult to follow.  As it relates to the current motion, Plaintiff

3   alleges in the Complaint that on July 26, 2006, he obtained a loan on the subject property from

4   Golf Savings Bank, A Washington Stock Bank ("Golf") by executing a Note secured by a Deed

5   of Trust.  Dkt. 1, at 6-7.  The Note provides that if the Plaintiff did "not pay the full amount of

6   each monthly payment on the date it [was] due, [he] would be in default."  Dkt. 8-1, at 7.  In the

7   Deed of Trust, which was recorded with the Clark County Auditor on August 4, 2006, the

8   Plaintiff agreed that the "Note or a partial interest in the Note (together with [the Deed of Trust])

9   [could] be sold one or more times without prior notice to [the Plaintiff]."  Dkt. 8-1, at 13-31.

10      On November 11, 2011, an Assignment of Deed of Trust, assigning all interest in the

11  Note and Deed of Trust to The Bank of New York, was recorded with the Clark County Auditor.

12  Dkt. 8-1, at 34-35.  On November 13, 2011, an Appointment of Successor Trustee, in which the

13  Bank of New York (through its attorney in fact) appointed Northwest Trustee Services, Inc.

14  ("Northwest Trustee") as successor trustee under the deed of trust, was recorded with the Clark

15  County Auditor.  Dkt. 8-1, at 37.

16      On January 12, 2016, Northwest Trustee recorded, with the Clark County Auditor, a

17  Notice of Trustee's Sale regarding the subject property.  Dkt. 8-1, at 39-43.  The sale was

18  scheduled for May 13, 2016.  *Id.*

19      The day before the sale, on May 12, 2016, the Plaintiff filed for relief under Chapter 13

20  of the U.S. Bankruptcy Code.  *In re Weidman,* U.S. Bankruptcy Court for the Western District of

21  Washington case number 16-42048-PBS, Dkt. 1; filed in this case at Dkt. 8-1, at 45.  On June 1,

22  2016 the Plaintiff filed his proposed plan with the bankruptcy court, noting that he had "listed his

23  residence for sale" and that the sale was "expected to be a short sale, and if [he could not] obtain

24

1   a short sale by August 15, 2016, [he would] amend his plan to surrender the property." *Id.,* Dkt.

2   16; filed in this case at Dkt. 8-1, at 65.  The bankruptcy was dismissed on September 2, 2016.

3   *Id.*, Dkt. 32; filed in this case at Dkt. 8-1, at 45-51.

4          On August 29, 2018, an Appointment of Successor Trustee was recorded with the Clark

5   County Auditor's office, in which the Bank of New York appointed Aztec Foreclosure

6   Corporation of Washington ("Aztec") successor trustee on the Deed of Trust.  Dkt. 8-1, at 71-74.

7   The Appointment was executed by the Bank of New York via its attorney in fact, Carrington.  *Id.*

8   Aztec recorded a Notice of Trustee's Sale with the Clark County Auditor on October 31, 2018,

9   giving notice of the trustee's sale on March 8, 2019.  Dkt. 8-1, at 76-81.  Carrington is noted to

10  be the loan's servicer on the Notice of Trustee's Sale.  Dkt. 8-1, at 76.  Aztec executed a

11  Trustee's Deed granting the property to the Bank of New York in exchange for payment of

12  $692,750.00 for the property.  Dkt. 8-1, at 83-86.  The Trustee's Deed was recorded with the

13  Clark County Auditor on March 20, 2019.  *Id.*

14         On April 9, 2019, the Plaintiff filed this case.  Dkt. 1.  In his Complaint, the Plaintiff

15  maintains that "Defendant Aztec allegedly sold the Subject Property to Defendant Carrington at

16  the Trustee Sale;" the Plaintiff maintains that this "is not true."  Dkt. 1, at 7.  He asserts that the

17  property went back to the Bank of New York, and so the sale must be voided.  *Id.*

18         In his first claim, "Lack of Standing/Wrongful Foreclosure," the Plaintiff alleges that the

19  Defendants did not have the "right to foreclose on the property . . . because [they] have failed to

20  perfect any security interest in the Property or cannot prove . . . they have a valid interest as a

21  real party in interest to foreclose."  Dkt. 1, at 8.  He contends that they were not holders of the

22  note, did not comply with "securitization requirements," and fraudulently prepared documents to

23  foreclose.  *Id.*

24

1      As to his FDCPA claim, the Plaintiff asserts that Defendants "knew they did not have a

2 right to collect payments, to threaten to foreclose, and ultimately foreclose" on Plaintiff's home.

3 *Id.,* at 10.  He maintains that they did not have standing or proof that they had the right to

4 foreclose.  *Id.*

5      Plaintiff also asserts a claim against the Bank of New York under RESPA.  Dkt. 1, at 14.

6 The Plaintiff alleges that the Bank of New York violated RESPA by failing to provide timely

7 notice of the transfer of servicing rights.  *Id.*  He maintains that "Defendant's pattern and

8 practices as it pertains to Plaintiff and his loan was reprehensible."  *Id.*  He further alleges that

9 "[o]nce again, Plaintiff was harmed by Defendant [Bank of New York's] total disregard for

10 Plaintiff's rights under RESPA."  *Id.*

11      The Plaintiff seeks damages, attorneys' fees and costs.  Dkt. 1, at 15.  He further seeks an

12 order declaring that the foreclosure sale is void and that title to the property be restored in his

13 name.  *Id.*

14      While not relevant to this motion, the Plaintiff also asserts a claim against Aztec for

15 violation of "Washington State Foreclosure Act."  Dkt. 1, at 11-14.  Aztec has not appeared in

16 the case and there is no evidence that it has been served with a copy of the Complaint.

17      In the pending motion, the Bank of New York and Carrington jointly move for dismissal

18 of the claims against them with prejudice.  Dkt. 8.  They maintain that the "Lack of

19 Standing/Wrongful Foreclosure" claim should be dismissed because the Plaintiff failed to

20 describe the securitization of his loan (much less any irregularities in the process particularly

21 considering the available public records), the Plaintiff cannot attack the Note's securitization,

22 state law prohibits the declaring the sale void or putting title to the property in his name because

23 the foreclosure sale is complete pursuant to RCW 61.24.127 (2) and so he has waived collateral

24

1    attacks like this, his statements that documents are "forged" is conclusory, and because he was

2    not a party to the assignment of Aztec as successor trustee, he has no grounds to challenge the

3    appointment.  Dkt. 8.  They maintain that the FDCPA claim should be dismissed because they

4    are not "debt collectors" under the FDCPA, and that the claim should be dismissed for failure to

5    plead facts to support the claim.  *Id.*  They move to dismiss the RESPA claim asserted against the

6    Bank of New York because RESPA requires the transferor servicers to notify the borrower of

7    transfer of the servicer, and the Bank of New York is not the loan servicer.  *Id.*  They further

8    maintain that the Plaintiff's failure to allege damage as a result of the RESPA violation also

9    mandates dismissal.  *Id.*

10                                    **II.      DISCUSSION**

11       Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in

12    diversity jurisdiction apply state substantive law and federal procedural law." *Gasperini v.*

13    *Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).  In applying the relevant state law here -

14    Washington law - the Court must apply the law as it believes the Washington Supreme Court

15    would apply it.  *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir.

16    2003).  "'[W]here there is no convincing evidence that the state supreme court would decide

17    differently, a federal court is obligated to follow the decisions of the state's intermediate

18    appellate courts.'"  *Vestar Dev. II, LLC v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th

19    Cir.2001) (*quoting Lewis v. Tel. Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996)

20    *(internal quotation marks omitted)*).

21       **A.  STANDARD ON MOTION TO DISMISS**

22       Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a

23    cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

24

*Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 547.

## B.  LACK OF STANDING/WRONGFUL FORECLOSURE CLAIM ASSERTED AGAINST BOTH MOVING DEFENDANTS

Plaintiff's claim for "Lack of Standing/Wrongful Foreclosure" should be dismissed.  Plaintiff's repeated assertions that the Defendants "lacked standing" or that the foreclosure was wrongful are legal conclusions, and are not entitled to a presumption of truth.  *Iqbal,* at 678.  The Plaintiff's Complaint broadly alleges that the Defendants did not have the right to foreclose because they did not have a security interest in the property, were not true holders of the note, and fraudulently prepared documents to foreclose.  *Id.*

The public records in the case bely each of the Plaintiff's contentions.  As is recorded in the Clark County Auditor's Office, Plaintiff's original loan was with Golf (Dkt. 8-1, at 13-31), who assigned its interest in the Note and Deed of Trust to the Bank of New York on November 10, 2011 (Dkt. 8-1, at 34).  Accordingly, the Bank of New York "had the ability to enforce the deed of trust due to its possession of the note."  *Bavand v. OneWest Bank*, 196 Wn. App. 813, 843 (2016), *as modified* (Dec. 15, 2016).  Pursuant to its rights under the Deed of Trust, on

1   August 29, 2018, the Bank of New York appointed Aztec as successor trustee (Dkt. 8-1, at 71).

2   Plaintiff's broad allegation, that the foreclosure documents were "fraudulent" is insufficient to

3   show that the facts in the publicly recorded documents are "in reasonable dispute" such that they

4   are not entitled to judicial notice. *In re Rigel Pharmaceuticals,* at 876. The Plaintiff's receipt of

5   a letter indicating that the servicer Carrington (and not the Bank of New York) does not change

6   matters. The Plaintiff's claim for "Lack of Standing/Wrongful Foreclosure," against the Bank of

7   New York and Carrington should be dismissed.

8        Moreover, this claim and the relief it seeks, to void the sale and restore title in the

9   Plaintiff's name, is an attack on the nonjudicial foreclosure proceedings that have already taken

10  place. The Bank of New York and Carrington maintain that the Plaintiff has waived his right to

11  challenge the foreclosure proceedings.

12       To protect interested parties against an improper exercise of the nonjudicial foreclosure

13  process, the DTA provides affected parties with a broad opportunity to challenge, and perhaps

14  stop, the trustee's sale **before** it occurs. *Merry v. Nw. Tr. Servs., Inc.*, 188 Wash. App. 174, 182

15  (2015) (*quoting* RCW 61.24.130(1) "nothing contained in the DTA shall prejudice 'the right of

16  the borrower, grantor ... or any person who has an interest in, lien, or claim of lien against the

17  property ... to restrain, on any proper legal or equitable ground, a trustee's sale'"). "RCW

18  61.24.130 sets forth the only means by which a grantor may preclude a sale once foreclosure has

19  begun with receipt of the notice of sale and foreclosure." *Cox v. Helenius*, 103 Wash.2d 383,

20  388, 693 P.2d 683 (1985). In Washington, a party waives the right to challenge a trustee's sale

21  after the sale has occurred "where a party (1) received notice of the right to enjoin the sale, (2)

22  had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed

23

24

1    to bring an action to obtain a court order enjoining the sale." *Albice v. Premier Mortgage Servs.*

2    *of Washington, Inc.*, 174 Wash. 2d 560, 569 (2012).

3        The Plaintiff makes claims for violation of the DTA against Aztec, including alleging a

4    failure to provide him proper notice under the DTA.  He does not make such a claim against

5    either the Bank of New York or Carrington.  The Plaintiff moves for leave to file an amended

6    complaint to clarify his claims, however.  To the extent Plaintiff is now attempting to assert a

7    DTA claim against the Bank of New York and Carrington, and in order to fully and fairly

8    consider any such claim, he should be given leave to amend his complaint as to the DTA claim.

9        **C.  FDCPA CLAIM ASSERTED AGAINST BOTH MOVING DEFENDANTS**

10       To be held liable for violation of the FDCPA, a defendant must fall within the Act's

11   definition of "debt collector." *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1198

12   (C.D.Cal.2008) (citing *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)).  The Act defines "debt

13   collector" as "any person who uses any instrumentality of interstate commerce or the mails in

14   any business the principal purpose of which is the collection of any debts, or who regularly

15   collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

16   due another." 15 U.S.C. §1692(a)(6).  The second portion of the definition continues:  "[f]or the

17   purpose of section 1692f(6) of this title, such term also includes any person who uses any

18   instrumentality of interstate commerce or the mails in any business the principal purpose of

19   which is the enforcement of security interests."  "[B]ut for § 1692f(6), those who engage in only

20   nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act."

21   *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019).

22       As to his FDCPA claim, the Plaintiff asserts that Defendants "knew they did not have a

23   right to collect payments, to threaten to foreclose, and ultimately foreclose" on Plaintiff's home

24

1   because they did not have "standing."  Dkt. 1., at 10.  His allegations, then, challenge the

2   Defendants' conduct in relation to their enforcement of their security interest.  Accordingly, the

3   only provision of the FDCPA that applies is § 1692f(6).  *Obduskey,* at 1038.  Section 1692f(b)

4   prohibits a "debt collector" from:

5           Taking or threatening to take any nonjudicial action to effect dispossession or
            disablement of property if

6
            (A) there is no present right to possession of the property ... ;

7
            (B) there is no present intention to take possession of the property; or

8
            (C) the property is exempt by law from such dispossession or disablement.

9

10          The Plaintiff's FDCPA claim against the Bank of New York and Carrington should be

11  dismissed.  Although the Plaintiff alleges that the Defendants did not have a security interest in

12  the property, his assertion is rebutted by the public records, as discussed above.  He makes no

13  showing that the Defendants did not have a right to possession of the property or that there was

14  no intention to take possession of the property.  He fails to allege that the property was "exempt

15  by law from such dispossession or disablement."  The claim should be dismissed.

16          **D.  RESPA CLAIM ASSERTED AGAINST THE BANK OF NEW YORK**

17          RESPA requires the "servicer of any federally related mortgage loan [to] notify the

18  borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other

19  person."  12 U.S.C. § 2605(b)(1).

20          The Plaintiff's RESPA claim, asserted against the Bank of New York, should be

21  dismissed.  The Plaintiff alleges that the Bank of New York violated RESPA by failing to

22  provide timely notice of the transfer of servicing rights.  Dkt. 1, at 14.  The Bank of New York is

23  not a servicer.  There is no showing that 12 U.S.C. § 2605(b)(1) applies to it.

24

1

**E.  LEAVE TO AMEND**

2   Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is

3   entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal

4   of the action.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

5   Plaintiff should not be given leave to amend the "Lack of Standing/Wrongful Foreclosure"

6   claim or the FDCPA claim both of which are asserted against the moving Defendants or the

7   RESPA claim asserted against the Bank of New York.  It is clear that no amendment can cure the

8   defects in those claims.  Plaintiff should be granted leave, if he wishes, to file an amended

9   complaint as to his DTA claim only against the Bank of New York and Carrington.  Plaintiff's

10   amended complaint, if any, should be filed by **June 17, 2019**.

11   **III.   ORDER**

12   **IT IS ORDERED THAT:**

13   • Defendants Carrington Mortgage Services and The Bank of New York Mellon

14   FKA The Bank of New York as Trustee for Registered Holders of CWABS, Inc.

15   Asset Backed Certificates Series 2006-23's Motion to Dismiss (Dkt. 8) **IS**

16   **GRANTED**;

17   o Plaintiff's claim for "Lack of Standing/Wrongful Forclosure," asserted

18   against the Bank of New York and Carrington **IS DISMISSED**;

19   o Plaintiff's FDCPA claim, asserted against the Bank of New York and

20   Carrington **IS DISMISSED**; and

21   o Plaintiff's RESPA claim, asserted against the Bank of New York **IS**

22   **DISMISSED**;

23

24

- The Plaintiff's motion for leave to file an amended complaint (Dkt. 9) **IS GRANTED only** as to his DTA claim against the Bank of New York and Carrington; and

- The Plaintiff's amended complaint, if any, is due by **June 17, 2019**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 4th day of June, 2019.

ROBERT J. BRYAN
United States District Judge