1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                     AT TACOMA

10    BEAU A. WEIDMAN,                          CASE NO. 3:19-cv-05265-RJB

11                     Plaintiff,               ORDER ON MOTION TO
                                                DISMISS FIRST AMENDED
12          v.                                  COMPLAINT AND FURTHER
                                                ORDERS TO PLAINTIFF
13    CARRINGTON MORTGAGE
      SERVICES; BANK OF NEW YORK
14    MELLON fka THE BANK OF NEW
      YORK AS TRUSTEE FOR
15    REGISTERED HOLDERS OF CWABS,
      INC. ASSET BACKED
16    CERTIFICATES SERIES 2006-23;
      AZTEC FORECLOSURE
17    CORPORATION OF WASHINGTON, a
      Washington Corporation; and DOES 1
18    through 10 inclusive,

19                     Defendants.

20

21          This matter comes before the Court on Defendants Carrington Mortgage Services

22    ("Carrington") and The Bank of New York Mellon FKA The Bank of New York as Trustee for

23    Registered Holders of CWABS, Inc. Asset Backed Certificates Series 2006-23's ("Bank of New

24    York") Motion to Dismiss First Amended Complaint. Dkt. 14. The Court has considered the

1 pleadings filed regarding the motion and the remainder of the record herein.

2     On April 9, 2019, Plaintiff filed this case *pro se,* asserting violations of federal law

3 (including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the

4 Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et. seq.* ("RESPA")) and state law in

5 connection with a mortgage on real property commonly known as 3950 Birch Street, Washougal,

6 Washington. Dkt. 1. Defendants Carrington and Bank of New York's motion to dismiss was

7 granted and Plaintiff's "Lack of Standing/Wrongful Foreclosure" claim, FDCPA claim, and

8 RESPA claim, were dismissed with prejudice and without leave to amend. Dkt. 11. Plaintiff

9 was granted leave, if he wished, to file an amended complaint to plead a Deed of Trust Act,

10 RCW 61.24 *et. seq.* ("DTA") claim **only** against the Bank of New York and Carrington. Dkt. 11.

11 Plaintiff filed an Amended Complaint asserting a DTA claim against them on June 14, 3019.

12 Dkt. 13.

13     Defendants Carrington and Bank of New York now move for dismissal of the DTA claim

14 asserted against them pursuant to Fed. R. Civ. P. 12 (b)(6). Dkt. 14. For the reasons provided

15 below, the motion (Dkt. 14) should be granted and the claims asserted against Defendants

16 Carrington and Bank of New York should be dismissed. Further, the Plaintiff should be ordered

17 to show cause why this Court should not decline to exercise supplemental jurisdiction over the

18 remaining claims in the case. If he argues that the Court should continue to exercise

19 supplemental jurisdiction, he should also be ordered to file proof of service regarding Defendant

20 Aztec Foreclosure Corporation of Washington ("Aztec").

21     **I.**         **FACTS, PROCEDURAL HISTORY AND ORGANIZATION OF OPINION**

22     In reviewing a motion to dismiss for failure to state a claim as is the case here, the court is

23 generally limited to review of "the face of the complaint, materials incorporated into the

24

complaint by reference," and matters of which judicial notice may be taken. *In re Rigel*

*Pharmaceuticals, Inc. Securities Litigation*, 697 F.3d 869, 876 (9th Cir. 2012). In considering

this motion, the moving Defendants ask the Court to take judicial notice of publicly recorded

documents, documents from the Plaintiff's bankruptcy case, and documents referenced in the

Plaintiff's Complaint. "A court may take judicial notice of matters of public record without

converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed

are not subject to reasonable dispute." *Id.* (*internal quotations omitted*). The Court should grant

the Defendants' request and take judicial notice of the documents found at Dkt. 14-2. The Court

has already taken judicial notice of the documents found at Dkt. 8-1. The following facts that are

taken from the public record and from documents referenced in Plaintiff's Complaint are filed in

this case at "Dkt. 8-1" and "Dkt. 14-2" are so referred to in this order. Facts from the Plaintiff's

Amended Complaint are cited as "Dkt. 13."

Plaintiff's Amended Complaint is difficult to follow. As it relates to the current motion,

Plaintiff alleges in the Amended Complaint that on July 26, 2006, he obtained a loan on the

subject property from Golf Savings Bank, A Washington Stock Bank ("Golf") by executing a

Note secured by a Deed of Trust. Dkt. 13, at 6-7. The Note provides that if the Plaintiff did "not

pay the full amount of each monthly payment on the date it [was] due, [he] would be in default."

Dkt. 8-1, at 7. In the Deed of Trust, which was recorded with the Clark County Auditor on

August 4, 2006, the Plaintiff agreed that the "Note or a partial interest in the Note (together with

[the Deed of Trust]) [could] be sold one or more times without prior notice to [the Plaintiff]."

Dkt. 8-1, at 13-31.

On November 11, 2011, an Assignment of Deed of Trust, assigning all interest in the

Note and Deed of Trust to The Bank of New York, was recorded with the Clark County Auditor.

1  Dkt. 8-1, at 34-35.  On November 13, 2011, an Appointment of Successor Trustee, in which the

2  Bank of New York (through its attorney in fact) appointed Northwest Trustee Services, Inc.

3  ("Northwest Trustee") as successor trustee under the deed of trust, was recorded with the Clark

4  County Auditor.  Dkt. 8-1, at 37.

5         On January 12, 2016, Northwest Trustee recorded, with the Clark County Auditor, a

6  Notice of Trustee's Sale regarding the subject property.  Dkt. 8-1, at 39-43.  The sale was

7  scheduled for May 13, 2016.  *Id.*

8         The day before the sale, on May 12, 2016, the Plaintiff filed for relief under Chapter 13

9  of the U.S. Bankruptcy Code.  *In re Weidman,* U.S. Bankruptcy Court for the Western District of

10  Washington case number 16-42048-PBS; filed in this case at Dkt. 8-1, at 45.  On June 1, 2016

11  the Plaintiff filed his proposed plan with the bankruptcy court, noting that he had "listed his

12  residence for sale" and that the sale was "expected to be a short sale, and if [he could not] obtain

13  a short sale by August 15, 2016, [he would] amend his plan to surrender the property."  *Id.,* Dkt.

14  16; filed in this case at Dkt. 8-1, at 65.  The bankruptcy was dismissed on September 2, 2016.

15  *Id.*, Dkt. 32; filed in this case at Dkt. 8-1, at 45-51.

16         On August 29, 2018, an Appointment of Successor Trustee was recorded with the Clark

17  County Auditor's office, in which the Bank of New York appointed Aztec Foreclosure

18  Corporation of Washington ("Aztec") successor trustee on the Deed of Trust.  Dkt. 8-1, at 71-74.

19  The Appointment was executed by the Bank of New York via its attorney in fact, Carrington.  *Id.*

20  Aztec recorded a Notice of Trustee's Sale with the Clark County Auditor on October 31, 2018,

21  giving notice of the trustee's sale on March 8, 2019.  Dkt. 8-1, at 76-81.  Carrington is noted to

22  be the loan's servicer on the Notice of Trustee's Sale.  Dkt. 8-1, at 76.  Aztec executed a

23  Trustee's Deed granting the property to the Bank of New York in exchange for payment of

24

1   $692,750.00 for the property. Dkt. 8-1, at 83-86. The Trustee's Deed was recorded with the

2   Clark County Auditor on March 20, 2019. *Id.*

3        On April 9, 2019, the Plaintiff filed this case. Dkt. 1. In his Amended Complaint, the

4   Plaintiff maintains that "Defendant Aztec allegedly sold the Subject Property to Defendant

5   Carrington at the Trustee Sale;" the Plaintiff maintains that this "is not true." Dkt. 13, at 7. The

6   Plaintiff points to a letter from Aztec the Plaintiff received that states, "The property located at

7   3950 Birch Street, Washougal, WA 98671 was purchased at a trustee's sale by Carrington

8   Mortgage Services, LLC on March 8, 2019." Dkt. 13, at 13. The Plaintiff asserts that the

9   property went back to the Bank of New York, and so the sale must be voided. Dkt. 13, at 7. His

10  Amended Complaint references Washington's DTA. Dkt. 13.

11       The Plaintiff seeks attorneys' fees and costs. Dkt. 13, at 8. He further seeks an order

12  declaring that the foreclosure sale was "unlawful and void." *Id.*

13       While not relevant to this motion, the Plaintiff names Aztec as a Defendant in the

14  Amended Complaint. Dkt. 13. Aztec is alleged to be a Washington business entity. Dkt. 13.

15  Aztec has not appeared in the case and there is no evidence that it has been served with a

16  summons or the Complaint or Amended Complaint.

17       The discussion portion of this opinion will first address the application of state law, then

18  the motion to dismiss standard, and then the DTA claims. It will then address whether

19  supplemental jurisdiction should be exercised as to the DTA claim asserted against Aztec, a

20  Washington corporation, and lastly, require the Plaintiff to provide proof of service on Aztec, if

21  he argues that the case should remain in federal court.

22                              **II.    DISCUSSION**

23

24

1    Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in

2   diversity jurisdiction apply state substantive law and federal procedural law." *Gasperini v.*

3   *Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).  In applying the relevant state law here -

4   Washington law - the Court must apply the law as it believes the Washington Supreme Court

5   would apply it.  *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir.

6   2003).  "'[W]here there is no convincing evidence that the state supreme court would decide

7   differently, a federal court is obligated to follow the decisions of the state's intermediate

8   appellate courts.'"  *Vestar Dev. II, LLC v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th

9   Cir.2001) (*quoting Lewis v. Tel. Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996)

10  (*internal quotation marks omitted*)).

11       **A.  STANDARD ON MOTION TO DISMISS**

12       Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a

13  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

14  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations

15  are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*,

16  717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

17  does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

18  entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

19  elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55

20  (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief

21  above the speculative level, on the assumption that all the allegations in the complaint are true

22  (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim

23  to relief that is plausible on its face."  *Id*. at 547.

24

## B. DTA CLAIMS ASSERTED AGAINST BOTH MOVING DEFENDANTS

To protect interested parties against an improper exercise of the nonjudicial foreclosure process, the DTA provides affected parties with a broad opportunity to challenge, and perhaps stop, the trustee's sale **before** it occurs. *Merry v. Nw. Tr. Servs., Inc.*, 188 Wash. App. 174, 182 (2015) (*quoting* RCW 61.24.130(1) "nothing contained in the DTA shall prejudice 'the right of the borrower, grantor ... or any person who has an interest in, lien, or claim of lien against the property ... to restrain, on any proper legal or equitable ground, a trustee's sale'"). "RCW 61.24.130 sets forth the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Cox v. Helenius*, 103 Wash.2d 383, 388, 693 P.2d 683 (1985). In Washington, a party waives the right to challenge a trustee's sale after the sale has occurred "where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Albice v. Premier Mortgage Servs. of Washington, Inc.*, 174 Wash. 2d 560, 569 (2012).

The Plaintiff has waived his right to challenge the trustee's sale here and so his requested relief, to void the sale, is unavailable to him. The public records demonstrate that the Plaintiff (1) received notice of the right to enjoin the sale (Dkt. 8-1, at 76-81), (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action. In the pending motion, the Bank of New York and Carrington jointly move for dismissal of the claims against them with prejudice. Dkt. 14. They maintain that the DTA claims should be dismissed because the Plaintiff failed to plead a claim against them, and based on the public records, cannot plead a claim against them. Reasoning from the prior order applies, and is repeated here:

1    As is recorded in the Clark County Auditor's Office, Plaintiff's original
     loan was with Golf (Dkt. 8-1, at 13-31), who assigned its interest in the Note and
2    Deed of Trust to the Bank of New York on November 10, 2011 (Dkt. 8-1, at 34).
     Accordingly, the Bank of New York "had the ability to enforce the deed of trust
3    due to its possession of the note." *Bavand v. OneWest Bank*, 196 Wn. App. 813,
     843 (2016), *as modified* (Dec. 15, 2016). Pursuant to its rights under the Deed of
4    Trust, on August 29, 2018, the Bank of New York appointed Aztec as successor
     trustee (Dkt. 8-1, at 71). Plaintiff's broad allegation, that the foreclosure
5    documents were "fraudulent" is insufficient to show that the facts in the publicly
     recorded documents are "in reasonable dispute" such that they are not entitled to
6    judicial notice. *In re Rigel Pharmaceuticals,* at 876. The Plaintiff's receipt of a
     letter indicating that the servicer Carrington (and not the Bank of New York) was
7    the purchaser does not change matters.

8    Dkt. 11. The Plaintiff's DTA claims asserted against the Bank of New York and Carrington

9    should be dismissed.

10   Further, the Plaintiff should not be granted leave to amend his complaint to attempt to

11   plead these claims again. Unless it is absolutely clear that no amendment can cure the defect, a

12   *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

13   prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

14   The Plaintiff has been given an opportunity to leave to amend his DTA claims against both the

15   moving Defendants and has failed to do so. It is clear that no amendment can cure the defects in

16   those claims and further attempts would be futile.

17   **C. DEFENDANT AZTEC, JURISDICTION AND FAILURE TO SERVE**

18   The Amended Complaint names Defendant Aztec and Does 1-10. Dkt. 13. Defendant

19   Aztec is alleged to be a Washington business entity. *Id.* The June 4, 2019 order noted that there

20   was no evidence that Defendant Aztec has been served. There is still nothing in the record

21   indicating that Defendant Aztec has been served.

22        1.  Supplemental Jurisdiction

23

24

1    Pursuant to 28 U.S.C. § 1367 (c), district courts may decline to exercise supplemental

2    jurisdiction over a state law claims if: (1) the claims raise novel or complex issues of state law,

3    (2) the state claims substantially predominate over the claim which the district court has original

4    jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,

5    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

6    "While discretion to decline to exercise supplemental jurisdiction over state law claims is

7    triggered by the presence of one of the conditions in § 1367 (c), it is informed by the values of

8    economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999,

9    1001 (9th Cir. 1997)(*internal citations omitted*).

10    Here, the Court no longer has original jurisdiction. All federal claims have been

11    dismissed and the remaining named Defendant, Aztec, is asserted to be a Washington business

12    entity. Accordingly, the Court no longer has jurisdiction over the case under either 28 U.S.C. §

13    1331 (federal question) or 28 U.S.C. § 1132 (diversity of citizenship). Accordingly, this Court

14    has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline

15    to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3).

16    By **August 28, 2019**, the Plaintiff should be ordered to show cause, in writing, if any he

17    has, why this Court should not decline to exercise supplemental jurisdiction over the claims

18    asserted against Defendant Aztec and the Doe Defendants. If the Court declines to exercise

19    supplemental jurisdiction, it would dismiss those claims without prejudice to be refiled, if

20    Plaintiff so wishes, in state court. The Plaintiff should be aware that the Court is disinclined to

21    proceed and exercise supplemental jurisdiction over the remaining state law claims.

22          2. <u>Failure to Serve</u>

23

24

1    Pursuant to Fed. R. Civ. P. 4 (m), "[i]f a defendant is not served within 120 days after the

2    complaint is filed, the court – on motion or on its own after notice to plaintiff – must dismiss the

3    action without prejudice against that defendant or order that service be made within a specified

4    time."

5        The Complaint in this case was filed on April 9, 2019, more than 120 days ago.  If the

6    Plaintiff intends to proceed in this Court, he should be ordered to provide proof of service for

7    Defendant Aztec on or before **September 4, 2019**, or the claims against Defendant Aztec shall

8    be dismissed without prejudice.

9        **D.  CONCLUSION**

10        All claims asserted against Defendants Carrington and The Bank of New York are

11    dismissed with prejudice and without leave to amend.

12        On or before **August 28, 2019**, the Plaintiff is ordered to show cause, in writing, if any he

13    has, why this Court should not decline to exercise supplemental jurisdiction over the claims

14    asserted against Defendant Aztec and the Doe Defendants.

15        Further, if the Plaintiff wishes to proceed in this Court, he should be ordered to provide

16    proof of service for Defendant Aztec on or before **September 4, 2019**, or the claims against

17    Defendant Aztec shall be dismissed without prejudice.  If the Plaintiff does not wish to proceed

18    in federal court, he need not file proof of service on Defendant Aztec in this case.

19                          **III.    ORDER**

20        **IT IS ORDERED THAT:**

21        • Defendants Carrington Mortgage Services and The Bank of New York Mellon

22            FKA The Bank of New York as Trustee for Registered Holders of CWABS, Inc.

23

24

ORDER ON MOTION TO DISMISS FIRST
AMENDED COMPLAINT AND FURTHER
ORDERS TO PLAINTIFF- 10

Asset Backed Certificates Series 2006-23's Motion to Dismiss (Dkt. 14) **IS GRANTED**;

  o The claims asserted against these Defendants **ARE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**;

- On or before **August 28, 2019**, the Plaintiff **IS ORDERED TO SHOW CAUSE**, in writing, if any he has, why this Court should not decline to exercise supplemental jurisdiction over the remaining state law claims asserted against Defendant Aztec and the Doe Defendants; and

- If the Plaintiff wishes to proceed in this Court, he **IS ORDERED** to provide proof of service for Defendant Aztec on or before **September 4, 2019**, or the claims against Defendant Aztec shall be dismissed without prejudice.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of August, 2019.

ROBERT J. BRYAN
United States District Judge